1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TROY MCLANE,                                    No.  2:13-cv-0447 DAD P

12                   Plaintiff,

13          v.                                        ORDER

14    SCOTT PERKINS et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18    § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  For

19    the reasons discussed herein, the court will dismiss this action.[1]

20                                   **SCREENING REQUIREMENT**

21          The court is required to screen complaints brought by prisoners seeking relief against a

22    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

23    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

24    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

26    U.S.C. § 1915A(b)(1) & (2).

27    ─────────────────

28    [1] Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636.  (Doc. No. 4)

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

9  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

12  However, in order to survive dismissal for failure to state a claim a complaint must contain more

13  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

14  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

15  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

16  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

17  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

18  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19    The Civil Rights Act under which this action was filed provides as follows:

20    Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
21    deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
22    law, suit in equity, or other proper proceeding for redress.

23  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

24  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

25  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

26  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

27  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

28  /////

2

1   omits to perform an act which he is legally required to do that causes the deprivation of which

2   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3          Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

4   their employees under a theory of respondeat superior and, therefore, when a named defendant

5   holds a supervisorial position, the causal link between him and the claimed constitutional

6   violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

7   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations

8   concerning the involvement of official personnel in civil rights violations are not sufficient. See

9   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10                                   **PLAINTIFF'S COMPLAINT**

11          In the present case, plaintiff has identified as the defendants Scott Perkins, Eric Reslock,

12   and Tim Hart. Plaintiff alleges that the named defendants distributed a brand of soap to prison

13   inmates that contained a carcinogen in violation of the Safe Drinking Water and Toxic

14   Enforcement Act of 1986 (Proposition 65) as well as a number of constitutional amendments.

15   Plaintiff further alleges that the defendants did not provide him with clear and reasonable

16   warnings of the toxicity of this product even though they have known about it for the past four

17   years. According to plaintiff, any of his medical issues will not surface for years to come, but the

18   "damage" has been done. (Compl. at 1-4 & Exs. A-E.)

19                                        **DISCUSSION**

20          The court will dismiss plaintiff's complaint for failure to state a cognizable claim for

21   relief. Judges of this court have already dismissed several civil rights actions in which prisoners

22   have alleged the same Eighth Amendment violations that plaintiff alleges here. See Perez v.

23   California Department of Corrections and Rehabilitation, No. 2:12-cv-2654 KJN P, 2014 WL

24   111166 (E.D. Cal. Jan. 9, 2014) (dismissing action for failure to state a claim and citing five civil

25   rights actions in which this court has rejected inmate claims alleging that they were forced to use

26   soap containing a toxic chemical in violation of the Eighth Amendment); Joseph v. California

27   Prison Industry Authority, No. 2:13-cv-0122 CKD P, 2013 WL 3242233 (E.D. Cal. June 20,

28   2013) (concluding that even if the PIA soap referred to posed an excessive risk of harm, there is

3

1    no allegation that defendant did anything which could be considered as deliberate indifference

2    since the plaintiff in that case alleged that the soap was recalled by PIA which shows that

3    defendants did not ignore a possible threat to safety); Bolden v. California Department of

4    Corrections and Rehabilitation, No. 2:12-cv-2344 JFM P, 2013 WL 3242295 (E.D. Cal. June 20,

5    2013) (denying plaintiff's motion for reconsideration of the order dismissing the action for failure

6    to state a claim, and concluding that plaintiff's declaration from inmate Mario Williams alleging

7    that the PIA was aware in 2007 that the soap contained a harmful chemical was not persuasive

8    since the declaration provided no information about what chemical the soap was tested for and no

9    admissible evidence as to whether any toxic chemical was found as part of that testing); Towler v.

10   California Department of Corrections and Rehabilitation, No. 2:12-cv-2607 KJN P, 2013 WL

11   2991135 (E.D. Cal. June 14, 2013) (same); Brooks v. Perkins, No. 2:12-cv-2536 AC P, 2013 WL

12   1705005 (E.D. Cal. April 19, 2013) (dismissing a similar civil rights action for failure to state a

13   cognizable claim and finding that plaintiff  has not alleged any facts showing that he suffers any

14   injury as a result of using the PIA soap and/or that defendants were deliberately indifferent to

15   plaintiff's health); Chestang v. California Department of Corrections and Rehabilitation, No.

16   2:12-cv-2064 AC P, 2013 WL 1702070 (E.D. Cal. April 18, 2013) (dismissing a similar civil

17   rights action for failure to state a claim because plaintiff's claimed exposure to a cancer risk was

18   speculative and because the defendants allegedly did nothing that could be considered

19   deliberately indifference).  The undersigned finds no reason to depart from these many decisions

20   addressing the same issue and deficiency.

21        Based on the circumstances of this case, the undersigned concludes that it is clear plaintiff

22   cannot cure the deficiencies of his complaint, and therefore, dismissal without leave to amend is

23   appropriate.  See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no

24   need to prolong the litigation by permitting further amendment where the "basic flaw" in the

25   underlying facts as alleged cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284

26   F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to

27   prolong the litigation by permitting further amendment.").

28   /////

4

1

**CONCLUSION**

2      Accordingly, IT IS HEREBY ORDERED that:

3      1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 9) is denied;

4      2.  Plaintiff's complaint is dismissed for failure to state a claim; and

5      3.  This action is closed.

6   Dated:  January 29, 2014

7

8   _____
    DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

9   DAD:9
    mcla0447.56

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5